**STATE of Missouri, Respondent,**

v.

**George WILLIAMS, Appellant.**

**No. 41755.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 23, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 14, 1980.

Application to Transfer Denied
Dec. 15, 1980.

Richard R. Howe, Canton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Donna G. Bowles, Nancy D. Kelley, Asst. Attys. Gen., Jefferson City, J. Patrick Wheeler, Pros. Atty., Canton, for respondent.

CRIST, Judge.

Defendant appeals his dual jury convictions of first degree robbery and armed criminal action. Defendant was sentenced under the Second Offender Act to respective terms of twenty and five years, said terms to be served concurrently. We are constrained to affirm defendant's robbery conviction but are compelled to reverse his conviction for armed criminal action due to *Sours v. State,* 603 S.W.2d 592 (Mo. banc 1980) (*Sours II*).

Defendant has urged this court to reverse his robbery conviction for the reason that the evidence was insufficient to prove, beyond a reasonable doubt, that defendant robbed Tiemann's Conoco Station in LaGrange, Missouri, with the aid of a dangerous weapon. This assertion is not well taken. The only controverted fact is the identity of defendant as the robber. Evidence which had a tendency to establish this identity was as follows:

Defendant had been living in an apartment with state's witness Tasco (and others), a short distance from the service station in LaGrange. Earlier on the day of the

robbery, and while in the company of Tasco, defendant passed by the service station and remarked that, "he was going to rob it" or, "should rob it." The two returned to the apartment whereupon defendant asked Tasco for a coat and a pair of glasses. Tasco assented and gave defendant the desired items: a black jacket (Exhibit 9), and a pair of sunglasses (Exhibit 8). Defendant left the apartment wearing blue jeans, a blue handkerchief, a black–hooded sweater, Tasco's black jacket and sunglasses.

Tasco followed defendant and although he lost sight of him for a few minutes, ultimately observed defendant enter the service station. A very short time later, Tasco again observed defendant running down a nearby alley and followed him to the apartment's back door. Once inside, Tasco learned that defendant had "a whole bunch of money" in his possession in denominations of ones, fives and tens. Defendant also had a lot of coins, but no twenty dollar bills. Tasco testified that defendant gave him the coins after warning him to remain quiet about what he had seen.

The service station owner, Mr. Tiemann, and the mechanic, Mr. Eravi, testified that they were preparing to close the station in the early evening when a man entered and announced a hold–up. The man was wearing an outfit similar to that of defendant's, as described by Tasco. Apparently, Mr. Eravi did not notice any sunglasses and was unsure about a black jacket. Mr. Tiemann made an in–court identification of defendant and his testimony was not so equivocal on the issue of jacket and sunglasses. Both men noted blue jeans, blue handkerchief and black–hooded sweater. Both also stated that the robber who rifled the station's cash register overlooked the twenty–dollar bills which were kept in the cash drawer under some checks.

We believe that the foregoing represents ample evidence for the jury to find those facts which were essential for a determination that defendant had committed this robbery. See *State v. Bray*, 246 S.W. 921 (Mo.1922). Contrary to defendant's inferences, this is not a case where defendant's conviction rests solely on circumstantial evidence. *State v. Jones*, 594 S.W.2d 932, 935 (Mo.1980); *State v. Baldwin*, 571 S.W.2d 236, 240 (Mo. banc 1978). The owner of the station, Mr. Tiemann, made an in–court identification of defendant and, further, identified defendant's clothing as that worn by the robber. Although there appears conflicting evidence and testimony (even, to some measure, between the eyewitnesses Tiemann and Eravi) it is well within the province of the jury to resolve the conflict by believing such testimony as it may choose to believe. *State v. Maxwell*, 502 S.W.2d 382, 390–91 (Mo.App.1973).

Defendant's conviction for first degree robbery is affirmed. We reverse defendant's conviction for armed criminal action by virtue of *Sours II, supra*.

DOWD, P. J., and REINHARD, J., concur.